UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

AJHAWE GUILLAUME,

                            Plaintiff,

                 -against-

Police Officer Richard Vargas (Shield No. 29756);
Police Officers JOHN and JANE DOES 1
through; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

12-CV-2895 (MKB)(RLM)

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation
of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and
1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Ajhawe Guillaume ("plaintiff" or "Mr. Guillaume") is a resident of Kings County in the City and the State of New York.

7. Defendant Richard Vargas ("Vargas") is a police officer employed by the City of New York and the NYPD. Defendant Vargas is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 11:45 p.m. on September 22, 2011 Mr. Guillaume was

lawfully in the vicinity of Neptune Avenue in Coney Island, Brooklyn, New York.

12.    As plaintiff stopped to speak with friends, Vargas and the other defendant officers in plain clothes approached him and his friends and demanded that they show identification.

13.    Plaintiff complied and produced identification.

14.    Defendant officers began searching everyone.  When plaintiff asked why they were being searched defendants assaulted him.

15.    Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants handcuffed plaintiff and placed him under arrest.

16.    While handcuffed, defendants dragged him to a police vehicle.

17.    Defendants pushed plaintiff to the ground and forcibly kneed him in the back.

18.    Plaintiff was taken to the 60th Precinct where he was put in a cell without the handcuffs being removed.

19.    While in the cell and handcuffed, plaintiff hyperventilated.

20.    Plaintiff repeatedly asked for medical treatment.

21.    EMS came to the precinct, however, defendant officers refused to allow plaintiff to be taken to the hospital.

22.    Plaintiff was taken to Brooklyn Central Booking.

23.     From Central Booking, plaintiff was finally transported to Downstate Medical Hospital where he was treated for injuries he sustained injuries as a result of the incident.

24.     At Brooklyn Central Booking plaintiff was charged with attempted assault, disorderly conduct and resisting arrest.

25.     Defendant officers misrepresented to the Kings County District Attorney's Office that plaintiff had committed the offenses of attempted assault, disorderly conduct and resisting arrest.

26.     The officers had not observed plaintiff engaged in unlawful activity or conduct.

27.     At arraignment, plaintiff was released on his own recognizance.

28.     After multiple court appearances, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

29.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unlawful Stop and Search

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

4

31.   Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

33.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

36.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.   The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

38.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference to Medical Needs

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     The individual defendants were of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

41.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

42.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

6

46.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    August 20, 2012
          New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*